EMIL L. ALOIA, Plaintiff-Appellee, v. JOHN ALLEN PARKER, Defendant-Appellant.

Third District   No. 3—90—0328

Opinion filed April 25, 1991.

Terrence E. Leonard, of Terrence E. Leonard, Chartered, of Chicago, for appellant.

James B. Harvey, of McKeown Law Office, of Joliet, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, John Allen Parker, appeals from a judgment on the pleadings entered in favor of the plaintiff, Emil L. Aloia. The plaintiff brought an action against the defendant seeking the return of earnest money the plaintiff had paid to the defendant as part of a real estate transaction. This is the second appeal in this matter. This court dismissed the first appeal in *Aloia v. Parker* (3d Dist. 1990), No. 3—89—0032 (unpublished under Supreme Court Rule 23), finding that the judgment appealed from was not a final appealable judgment. The jurisdictional defect has since been cured. We now reach the merits and reverse.

A complete understanding of the issue presented necessitates a detailed rendition of the prior proceedings and the pleadings filed in the trial court. On November 25, 1986, the plaintiff filed a one-count complaint against the defendant. The plaintiff was later allowed to file *instanter* a first amended complaint which corrected the designation of the defendant. On the defendant's motion, the first amended complaint was dismissed for failure to allege sufficient facts to state a cause of action.

On April 15, 1987, the plaintiff filed a second amended complaint. The complaint alleged in pertinent part: (1) that on April 29, 1978, the plaintiff had deposited with the defendant $20,000 in earnest money; (2) that the earnest money was paid in connection with real estate contracts for the purchase of four parcels of land; (3) that the real estate contracts provided (a) that the seller agreed to convey title to the properties by recordable trustee's deed, and de-

liver a title commitment for an owner's title insurance policy, (b) that the closing dates would be on or before June 30, 1978, for two of the parcels and March 1, 1979, for the other two parcels, and (c) that if the contract were terminated without the plaintiff's fault, the earnest money would be returned to the plaintiff; however, if terminated by the plaintiff's fault, the earnest money would be forfeited to the defendant; (4) that the plaintiff was ready and willing to accept deeds to the four parcels on the closing dates specified in the contracts and pay to the defendant the balance of the purchase money due; (5) that the plaintiff had performed all of the obligations and conditions required by the contracts; (6) that the defendant had not "conveyed" recordable trustee's deeds or title insurance commitments; (7) that the defendant did not appear at the specified closing dates or at any time to close the sale; (8) that the contracts were terminated without plaintiff's fault; and (9) that the plaintiff was entitled to the return of the earnest money plus interest and costs.

The defendant subsequently filed an answer to the plaintiff's second amended complaint in which he admitted receiving $20,000 in earnest money from the plaintiff, subject to the conditions and stipulations of the earnest money receipts. The defendant denied that the earnest money was received pursuant to the real estate contracts. The defendant admitted the allegations concerning the provisions in the contracts. The defendant admitted that he did not convey the parcels and did not appear on June 30, 1978, March 1, 1979, or any other date to close the sales. However, the defendant affirmatively stated that no closing dates were actually ever agreed upon. The defendant neither admitted nor denied the allegation that he failed to deliver title commitments, stating that it was possible his attorney at the time provided them. The defendant denied all other allegations, including the allegation that the plaintiff had performed all obligations and conditions required under the terms of the contracts.

On April 21, 1988, the trial court, without written comment, denied the plaintiff's motion for judgment on the pleadings. On July 12, 1988, the plaintiff was allowed to add count II to his second amended complaint. In count II, the plaintiff alleged the defendant received $20,000 in earnest money to be applied toward the purchase of four parcels of real estate. The plaintiff alleged that on May 3, 1978, the plaintiff and the defendant executed four real estate contracts for the above-mentioned parcels. The plaintiff alleged that the defendant had never conveyed any of the property to the

plaintiff, that the defendant was now unable to convey the property, that the defendant had never delivered or caused to be delivered a title commitment for an owner's title insurance policy, and that the defendant had not appeared to close the sale. Count II requested return of the earnest money plus interest and cost.

In his answer, the defendant admitted receiving the $20,000 earnest money; however, he stated the transaction was subject to the conditions and stipulations of the earnest money receipts, and the terms and conditions of the real estate contracts. The defendant admitted entering into the real estate contracts. He also admitted that he had never conveyed any of the subject properties and that he was presently unable to convey the parcels. He admitted that he did not appear at any closing; however, he stated that no closing date had been agreed to by the parties. Regarding the title commitments, he neither admitted nor denied the plaintiff's allegation, stating that his attorney at the time may have so provided.

On September 29, 1988, the trial court granted the plaintiff's motion for judgment on the pleadings as to count II. The trial court ordered the defendant to return the earnest money plus the cost of suit to the plaintiff.

On October 27, 1988, the defendant filed a motion to reconsider and/or vacate the judgment. Among other things, the motion stated that if the judgment were vacated, the defendant would seek other counsel, who in turn would request leave to amend the pleadings and raise the issue of forfeiture as an equitable defense. On November 17, 1988, the defendant was given leave to file a substitution of attorneys and incorporate a proposed affirmative defense as part of the pending motion to vacate. In the affirmative defense, the defendant alleged that while he was ready, willing and able to convey the real estate from 1978 to 1985, the plaintiff had failed to tender the balance of the purchase price, procure financing and agree to a closing date for the sale.

On December 22, 1988, the trial court denied the defendant's motion to reconsider and/or vacate judgment and denied leave to file an affirmative defense. On January 17, 1989, the defendant filed what was termed an "emergency" motion to reconsider. In the motion, the defendant attempted to present the affidavit of an employee of defendant's former attorney, contending she had pertinent knowledge concerning the real estate transaction between the plaintiff and the defendant. The trial court denied the motion, and the defendant filed an appeal with this court.

As mentioned above, this court dismissed the appeal for lack of an appealable judgment because count I remained undisposed. On April 5, 1990, the trial court granted the plaintiff's motion to dismiss count I, and the defendant again filed an appeal.

■ A motion for judgment on the pleadings admits the facts well pleaded by the opposite party and seeks judgment on the questions of law raised by the pleadings. (*Whiteco Metrocom Division v. Village of Downers Grove* (1990), 197 Ill. App. 3d 174, 553 N.E.2d 1145.) Judgments on the pleadings are appropriate only if the pleadings do not raise genuine issues of material fact. (*Allcare, Inc. v. Bork* (1988), 176 Ill. App. 3d 993, 531 N.E.2d 1033.) Section 2—616(a) of the Code of Civil Procedure allows amendments to the pleadings at any time before final judgment. Ill. Rev. Stat. 1989, ch. 110, par. 2—616(a).

■ In the instant case, the defendant filed his affirmative defense after the trial court granted judgment on the pleadings as to count II of the plaintiff's amended complaint. However, this court held the judgment was not a final appealable judgment. Since the judgment was not final,. the defendant had the right pursuant to section 2—616 to amend the pleadings at any time prior to April 5, 1990. In light of this court's dismissal for want of a final appealable judgment, the trial court should have considered the defendant's amendments to the pleadings, and whether, as a result, there existed genuine issues of material fact.

For this reason, the judgment of the circuit court of Will County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

BARRY and GORMAN, JJ., concur.